## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

JEANA WILLIAMS,

     Plaintiff,

     v.

                              Civil Action No. 24-3245-TDC

BANK OF AMERICA,

     Defendant.

### MEMORANDUM OPINION

Self-represented Plaintiff Jeana Williams has filed this civil action against Defendant Bank of America, N.A. in which she asserts claims of breach of contract, breach of fiduciary duty, and violations of various statutes and regulations. Bank of America has filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), which is fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED.

### BACKGROUND

Construed liberally, Williams makes the following allegations in the Complaint, which the Court considers to be true for purposes of the Motion.

Williams is a Bank of America customer and account holder. Williams generally asserts that Bank of America "has failed to uphold [its] contractual duties," but she does not clearly identify any particular contract or terms that have been breached. Compl. at 1, ECF No. 3. Williams also asserts that Bank of America sold and traded her accounts to third-party companies without her consent.

According to an attachment to the Complaint, on July 21, 2024, Williams sent a notice to Bank of America stating that she wished to apply all of Williams's unspecified "[b]alance" to a particular account within five business days. Compl. Ex. A at 6, ECF No. 1-1. On August 13, 2024, Williams sent a second notice, entitled "Notice of Claim to Interest/Opportunity to Cure" again asking that her balance be applied to her account and requesting that the account be reopened and that her access to it be restored because a payment had been accepted and applied to the account. *Id.* at 7. On August 22, 2024, Williams sent a letter to Bank of America stating that on August 18 she had submitted either a payment or "a security collateral and promissory note" in the amount of $200,000 and directing Bank of America to credit her account in that amount or to deposit that amount into a new checking account in her name. *Id.* at 8. She also asserted in the same letter that Bank of America unlawfully closed a joint checking account that she has with Dante Jeffries, such that she is owed approximately $500,000, the maximum amount for which the Federal Deposit Insurance Corporation ("FDIC") insures a joint account.

Williams also alleges that Bank of America violated fiduciary duties owed to her by unlawfully closing an account and restricting a credit account, not acting in good faith when refusing to extend credit to her after she provided unspecified "security," reporting that her account was a "risk," providing "important information" about Williams to third party companies, and failing to inform her that her accounts had been sold to third-party companies. Compl. at 3–4.

On or about September 4, 2024, Williams filed the present Complaint in the Circuit Court for Prince George's County, Maryland. Bank of America removed the case to this Court on November 8, 2024. In her Complaint, Williams alleges claims of breach of contract and breach of the fiduciary duties of loyalty, good faith, confidentiality, and disclosure. Williams also alleges violations of multiple statutes and regulations, including the Consumer Bill of Rights; the Bill of

2

Exchange Act of 1882; sections 16 and 29 of the Federal Reserve Act, 12 U.S.C. §§ 411–421, 504; the Negotiable Instrument Act of 1882, 31 U.S.C. § 3123; the Truth in Lending Act, 15 U.S.C. §§ 1602, 1605; and 12 C.F.R. §§ 202, 328.5-6. Williams seeks total damages of $741,280,000.

## DISCUSSION

In its Motion to Dismiss, Bank of America asserts that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. As part its argument, Bank of America asserts that the Complaint violates Rule 8, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## I.    Legal Standards

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Under Rule 8's requirement of "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), the complaint must include more than "unadorned" or "naked" accusations "devoid of

3

'further factual enhancement.'" *Iqbal*, 556 U.S. at 677–78 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although "detailed factual allegations" are not required, the plaintiff must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

## II.    Breach of Contract

To state a claim for a breach of contract under Maryland law, a plaintiff must "allege the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the defendant." *RRC Northeast, LLC v. BAA Maryland, Inc.*, 994 A.2d 430, 442 (Md. 2010); *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001). In asserting such a claim, a plaintiff "must of necessity allege with certainty and definiteness *facts* showing a contractual obligation" and "a breach of that obligation." *RRC Northeast*, 994 A.2d at 440; *DeCohen v. Capital One, N.A.*, 703 F.3d 216, 227 (4th Cir. 2012) (quoting *RRC Northeast*).

Here, although Williams broadly asserts a breach of contract claim, it is unclear from the Complaint and its attachments what particular contract with Bank of America she is relying upon, what term of that contract she is alleging to have been breached, or what particular act constituted the alleged breach. At various times, Williams refers to both credit accounts of some kind, whether credit card accounts or otherwise, as well as checking accounts, and she does not specifically identify which account or accounts are the subject of the breach of contract or any of the relevant contractual provisions governing those accounts. Although she appears to claim that Bank of America improperly failed to accept a payment toward a credit account, she provides insufficient facts about that payment and the terms of the credit arrangement so as to show that it was an acceptable form of payment, that it was sufficient in amount to cure any deficiency, and that it

4

provided a basis to reopen an account that had been closed. She does not explain what contractual term was violated by the failure to open a checking account in her name or by the closure of a joint checking account. She therefore has not pleaded with "certainty and definiteness" the relevant facts demonstrating both a contractual obligation and a breach of that obligation. *Id*. Indeed, the allegations are sufficiently non-specific and confusing that the Court finds that the Complaint fails to put Bank of America on notice of the specific breach of contract claim against it. *See Twombly*, 550 U.S. at 555. The breach of contract claim will therefore be dismissed without prejudice.

### III.    Breach of Fiduciary Duty

Williams also alleges a claim of breach of fiduciary duty against Bank of America. To allege a claim for breach of fiduciary duty, a plaintiff must allege: (1) "the existence of a fiduciary relationship"; (2) "a breach of duty owed by the fiduciary to the beneficiary"; and (3) "harm resulting from the breach." *Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 665 A.2d 1038, 1046 (Md. 1995). Generally, however, the relationship between a bank and its customer is a contractual one and "is not fiduciary in nature." *Yousef v. Trustbank Savs., F.S.B.*, 568 A.2d 1134, 1138 (Md. Ct. Spec. App. 1990). Maryland courts are "exceedingly reluctant to find special circumstances sufficient to transform an ordinary contractual relationship between a bank and its customer into a fiduciary relationship or to impose any duties on the bank not found in the loan agreement." *Parker v. Columbia Bank*, 604 A.2d 521, 532 (Md. Ct. Spec. App. 1992); *Kuechler v. Peoples Bank*, 602 F. Supp. 2d 625, 633–34 (D. Md. 2009) (citing *Parker*). Where, as here, Williams has not alleged any special circumstances that could transform her relationship with Bank of America beyond a standard contractual relationship between a bank and its customer, the Court finds that Williams has not stated a plausible claim for a breach of fiduciary duty.

5

### IV.    Truth in Lending Act

Williams also alleges that Bank of America has violated the Truth in Lending Act ("TILA"), specifically, 15 U.S.C. §§ 1602 and 1605. TILA was enacted to help consumers avoid the uninformed use of credit and thus "requires lenders to make certain disclosures to consumer borrowers," including those related to consumer credit transactions. *Lavis v. Reverse Mortg. Sols., Inc.*, 40 F.4th 181, 183 (4th Cir. 2022). It provides a private cause of action against "any creditor who fails to comply" with such disclosure obligations. *See* 15 U.S.C. § 1640; *see also Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d 40, 44–45 (4th Cir. 1973). Here, Williams alleges that Bank of America failed to disclose: (1) "all of the facts and circumstances which are relevant to the directors' decisions"; (2) that it was selling and trading her accounts to third-party companies; and (3) that her accounts were paid in full. Compl. at 3.

Such conclusory allegations are not sufficient for the Court to infer a plausible claim under TILA. Williams has not provided the Court with any information about the nature of the account in question, the specific disclosure obligations that apply to such an account, or the specific disclosures actually provided so as to support such a claim. Indeed, Williams has not identified a relevant provision of TILA to which she can connect her claims. She cannot assert a claim under 15 U.S.C. § 1602, which merely sets out applicable definitions and rules of construction. *See Matthews v. Ally Bank*, No. 23-cv-05106, 2024 WL 2941491, at *5 (N.D. Ga. May 7, 2024) (dismissing a TILA claim asserted under § 1602), *report and recommendation adopted*, No. 23-cv-5106, 2024 WL 4251294 (N.D. Ga. July 11, 2024). Likewise, 15 U.S.C. § 1605 lists certain requirements for creditors relating to the determination of finance charges which are inapplicable to Williams's allegations about the closure and sale of certain accounts. Williams has therefore

6

also failed to provide Bank of America with adequate notice of the substance of her TILA claim so as to allow it to proceed. *See Twombly*, 550 U.S. at 555.

Accordingly, because Williams has failed to allege sufficient facts to state a plausible TILA claim, the Court will grant the Motion as to the TILA claim.

## V.    Other Statutory Claims

As for the other statutes referenced in the Complaint, Williams has not plausibly stated a claim under any of the identified statutes. First, Williams cites to several provisions that are not federal laws of the United States and, as such, have no application here. The Bill of Exchange Act of 1882 is an English law. *See Des Rochers v. Moynihan*, 2016 WL 11584833, at *2 (W.D. Tex. May 16, 2016); *Newson v. Chen*, No. 24-cv-00558, 2024 WL 2801665, at *2 (E.D. Cal. May 31, 2024) (collecting cases and stating that courts have routinely found citations to the Bill of Exchange Act to be frivolous). Likewise, the Negotiable Instrument Act of 1881 appears to govern transactions in India. *Chris-Antonio v. I6 Prop. Fla. LP*, No. 23-CV-02397, 2024 WL 2880416, at *5 (M.D. Fla. Apr. 5, 2024), *report and recommendation adopted in part sub nom. Pow v. I6 Prop. Fla. LP*, No. 23-CV-2397, 2024 WL 2152160, at *2 (M.D. Fla. May 13, 2024); *Warren v. Aditya*, No. 23cv719, 2024 WL 3740058, at *3 (E.D. Va. June 24, 2024). Williams does not allege any facts to suggest that either law applies here.

Williams also invokes several statutes that do not provide a private right of action. Sections 16 and 29 of the Federal Reserve Act, 12 U.S.C. §§ 411–421, 504, do not allow for a private cause of action. *Morton v. Am. Express*, No. 63CV04567, 2023 WL 7923927, at *3 (D.S.C. Oct. 18, 2023) ("[I]t is well settled that Sections 16 and 29 of the Federal Reserve Act do not create a private cause of action and, consequently, do not provide a basis to invoke this Court's federal question jurisdiction."); *White v. Lake Union GA Partners LLC*, No. 23-cv-02962, 2023 WL

6036842, at *2 (N.D. Ga. July 14, 2023) (collecting cases); *see Cabral v. Citibank, N.A.*, 737 F. Supp. 3d 149, 153 (D.R.I. 2024) (finding no private right of action under 12 U.S.C. § 504). Nor is there a private right of action under 31 U.S.C. § 3123. *See Allston v. Fla. Dep't of Rev.*, No. 24-cv-1085, 2024 WL 4985941, at *1 (M.D. Fla. Dec. 5, 2024); *Reeves v. Torres*, No. 13-cv-708, 2013 WL 12166338, at *1 (M.D. Fla. Oct. 10, 2023).

Williams cites two regulations, neither of which have relevance to the facts alleged in the Complaint. First, Williams references 12 C.F.R. § 202, which relates to the Equal Credit Opportunity Act and "prohibits creditor practices that discriminate" on the basis of certain protected characteristics. 12 C.F.R. § 202.1(b). Where Williams does not assert any allegations of discrimination or otherwise reference discriminatory conduct based on a protected characteristic, this regulation does not apply. Williams also cites 12 C.F.R. §§ 328.5 and 328.6, which govern signage for digital deposit-taking channels and FDIC advertising statement requirements, respectively, neither of which provide a basis for a claim under the facts alleged in the Complaint.

Finally, to the extent that Williams arguably seeks to bring a claim under the "consumer bill of rights" based on a provision other than the statutes or regulations discussed above, she has provided insufficient information on the law at issue or the specific allegations relied upon for such a claim. Compl. at 1. The Court cannot identify a plausible claim based on this generic invocation and will therefore dismiss any such claim. *See, e.g., White v. Genentech-Roche Pharm., Inc.*, No. 20-CV-41, 2020 WL 4501500, at *4 (E.D. Mo. Aug. 5, 2020) (dismissing a claim asserted under the "Consumer Bill of Rights" because such a reference was too vague for the Court to find it to be a federal law or that any such law created a private cause of action).

8

## VI.    Additional Arguments

In her memorandum in opposition to the Motion, Williams for the first time invokes two additional legal provisions, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, and Uniform Commercial Code ("U.C.C.") § 3–305. The Court need not consider these claims because "[i]t is well-established that parties cannot amend their complaints through briefing." *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 176, 184 (4th Cir. 2013).

Even if Williams were permitted to amend the Complaint to add such claims, they would still be subject to dismissal. As to the FDCPA, Williams cannot state a plausible claim because she has not established that Bank of America is a debt collector subject to that statute. Critically, the FDCPA applies to a debt collector, a term defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This term generally includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.* The FDCPA also provides for various exceptions to this definition, including that a "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A).

Here, Williams has not alleged facts showing that Bank of America meets this definition. In particular, she has not asserted facts demonstrating that Bank of America, a lender, is engaged in a business "the principal purpose of which is the collection of any debts" or regularly collects or attempts to collect debts owed or due to "another." 15 U.S.C.§ 1692a(6). Rather, the Complaint

9

effectively acknowledges that Bank of America is a creditor which, to the extent it was involved in any relevant debt collection activities, was collecting debts owed to Bank of America itself and thus was "collecting debts for such creditor," which excludes it from the definition of a "debt collector." 15 U.S.C. § 1692a(6)(A). Thus, any FDCPA claim would necessarily fail.

As for U.C.C. § 3–305, any claim asserted under this provision would likewise fail. Because the U.C.C. is a model code, it has no legal effect in and of itself. However, it has been codified in the Commercial Law Article of the Maryland Code. *See* Md. Code Ann., Com. Law § 1–103 (West 2013); *see also Hartford Fire Ins., Co. v. Maryland Nat'l Bank, N.A.*, 671 A.2d 22, 32 (Md. 1996) (referencing "Maryland's adoption of the UCC"). The Court therefore could construe a claim under U.C.C. § 3–305 as a state law claim under Md. Code Ann., Com. Law § 3–305, which is identical to the U.C.C. provision in all respects. Regardless, Williams's reference to U.C.C. § 3–305 consists only of a passing mention that it "provides a legal defense against unauthorized financial obligations." Opp'n at 1, ECF No. 23. She nowhere claims that Defendants violated section 3–305, nor does she connect that provision to any of the facts alleged in the Complaint. Thus, there is no basis to permit Williams to assert such a claim.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be GRANTED in that Williams's claim for a breach of contract, a breach of a fiduciary duty, and a violation of TILA will be DISMISSED WITHOUT PREJUDICE, and the remaining claims will be DISMISSED WITH PREJUDICE. A separate Order shall issue.


Date:    August 1, 2025



THEODORE D. CHUANG
United States District Judge

10